Pearson, C. J.
 

 The clause of the will submitted to us for construction, is entire and unbroken, and we can see no ground upon which the words, “ what remains, to be sold, &c.,” can be so detached as to be referable alone to the stock of cattle, hogs and sheep, and not be extended to the negroes and other property, given in the clause by words making a continuous sentence ; it follows, that the negroes vested in Margaret Lackey, subject to the legal effect of the direction, “ what remains, (at her death) to be sold and equally divided among the heirs of her body.”
 

 We
 
 are of opinion, that the words “ heirs of her body,” as here used, are words of purchase, and not words of limitation, according to the rule in Shelley’s case ; because, by reason of the direction, “ what remains, to be
 
 sold
 
 and equally divided,” the persons indicated as heirs of her body, do not take the same estate in
 
 like
 
 manner, as they would have taken, had she taken the absolute estate. It follows, that she took an estate for life, with a limitation over to the heirs of her body as purchasers. Taken in this sense, heirs of her body, means her issue, that is, her children and the descendants of such of them as may have died, who would represent and stand in place of their deceased parent. It must be declared to be the opinion of this Court, that under the limitation over, the children of Margaret Lackey, living at the death of the testator, Thomas Lackey, took a vested interest under the limitation over as purchasers, which, upon the death of any of them, devolved upon their personal representatives.
 

 As none of her children died before the death of the testator, leaving issue, it is not necessary to enter upon that question.
 

 Per Curiam, Decree accordingly.